# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEON BAKER, CDCR # H-11687<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>M. MENDOZA, Licensed Vocational Nurse; J. WALKER, Health Care Appeals Coordinator; J. CLARK KELSO, Receiver,<br><br>　　　　　　　　　　Defendants. | Civil No.   10cv2604 DMS (PCL)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

　　　Plaintiff, a state inmate currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,

which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194.

### A.    Eighth Amendment claims

Plaintiff alleges that Defendant Mendoza denied him prescription medication on one occasion. (*See* Compl. at 3.) "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation

marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, the documents attached to Plaintiff's Complaint appear to indicate that he claims Defendant Mendoza, on one occasion, "threw [Plaintiff's] prescribed medication on the ground and attempted to kick it under [Plaintiff's] cell door." *See* Compl., Ex. 1, Inmate/Parolee Health Care Appeal Form dated June 22, 2010. There are no other factual allegations. If Plaintiff is attempting to allege that there was a delay in receiving his medication, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.") Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs. According, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief may be granted.

**B.      Respondeat Superior**

Plaintiff names J. Clark Kelso as a Defendant in this matter but fails to set forth any specific factual allegations with regard to Defendant Kelso as it pertains to the incident with

Defendant Mendoza. Thus, it appears that Plaintiff seeks to hold Defendant Kelso liable in his supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Kelso.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.
#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

1    2.      The Secretary of California Department of Corrections and Rehabilitation, or his
2 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
3 owed in this case by collecting monthly payments from the account in an amount equal to twenty
4 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
5 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
6 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
7 ASSIGNED TO THIS ACTION.

8    3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
9 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
10 Sacramento, California 95814.

11    **IT IS FURTHER ORDERED** that:

12    4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief
13 could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is
14 **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First
15 Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's
16 Amended Complaint must be complete in itself without reference to the superseded pleading.
17 *See* S.D.CAL.CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended
18 Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
19 1987).

20    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief
21 may be granted, it may be dismissed without further leave to amend and may hereafter be
22 counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
23 (9th Cir. 1996).

24    5.      The Clerk of the Court is directed to mail a form civil rights complaint to Plaintiff.
25 DATED: January 27, 2011

_____
HON. DANA M. SABRAW
United States District Judge